STATE OF OREGON,
*Respondent,*

*v.*

PAMELA RAE CARSNER,
*Appellant.*

(C91-07-33414; CA A73379)

844 P2d 257

John Henry Hingson III, Oregon City, argued the cause and filed the brief for appellant.

Kaye E. Sunderland, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals her convictions for manufacture of a controlled substance, ORS 475.992(1), and possession of a controlled substance. ORS 475.992(4). She asserts that the court erred by admitting evidence that she contends is of "uncharged misconduct." She also argues that, if the evidence was properly admitted, the court should have given an instruction limiting its consideration by the jury. We affirm.

The police searched the house where defendant lived with her husband and seized 58 live marijuana plants, some plastic baggies and a small scale. Defendant's husband suffers from severe respiratory problems. The medication that he takes causes serious side effects. He smoked marijuana, which helped him breathe. His treating physician testified that, if marijuana could be obtained legally, he would prescribe it for defendant's husband.

Defendant raised a choice of evils defense to the charges, contending that her husband's health and life depend on the use of marijuana and that, because it is not legally available, she had to grow it.

Defendant argues that evidence of the baggies and scales and the testimony of a police officer that those are indications that the marijuana was grown for other than personal use are evidence of the uncharged crime of delivery of a controlled substance that is subject to OEC 404(3). We agree with the trial court that the evidence was not about "uncharged misconduct" but was relevant to prove the charged crime, manufacture of a controlled substance. ORS 475.005(14) provides, in relevant part:

" 'Manufacture' means the production, preparation, propagation, compounding, conversion or processing of a controlled substance * * *."

Because the evidence was relevant to prove an element of the charged crime, defendant's requested instruction was properly refused.

Affirmed.